**Thomas H. DAYE, Plaintiff,**

v.

**John E. POTTER, Postmaster General, U.S. Postal Service (Eastern Area Operations), Defendant.**

**No. 1:04CV25.**

United States District Court, M.D. North Carolina.

April 12, 2005.

---

Patricia D. Evans, Florence A. Bowens, The Law Office of Florence A. Bowens, Durham, NC, for Plaintiff.

Joan Brodish Binkley, Office of U.S. Attorney, Greensboro, NC, for Defendant.

## MEMORANDUM OPINION

BEATY, District Judge.

This case is brought by Plaintiff Thomas H. Daye ("Plaintiff") pursuant to the Family Medical Leave Act, and is before the Court on Defendant's Motion to Dismiss or for Summary Judgment [Document # 9] and Plaintiff's Motion for Extension of Time to Respond [Document # 16]. For the reasons discussed below, Plaintiff's Motion for Extension of Time is denied. In addition, because Plaintiff's Complaint fails to state a claim upon which relief may be granted, Defendant's Motion to Dismiss is granted.

## I. FACTUAL BACKGROUND

Plaintiff is an employee of the U.S. Postal Service in Durham, North Carolina. Plaintiff alleges that in July 2001, he submitted forms to the Postal Service in order to take leave to care for his ill spouse pursuant to the Family Medical Leave Act ("FMLA"). Plaintiff requested that the leave be treated as sick leave, and his leave was approved. Plaintiff was on leave from August 6, 2001 through August 24, 2001. However, on August 20, 2001 Manager Tony Santitoro reviewed the work hours and leave statistics and determined that Plaintiff had exceeded the 80 hours of paid sick leave allowed for care of a family member under the collective bargaining agreement and the local Memorandum of Understanding between the Postal Service and the American Postal Workers Union. Plaintiff's supervisor, Louis Walton, contacted Plaintiff and informed him that he had exceeded his paid sick leave for De-

pendent Care. According to the Complaint, Mr. Walton "informed Plaintiff that [he] had a choice of using his Dependent Care Leave and then take the rest of the time without pay." (Complaint ¶ 17). Plaintiff complains that the Postal Service "denied his request for medical leave using his sick leave" in violation of the FMLA, 29 U.S.C. § 2601 et seq. Plaintiff also claims that the denial of paid leave was an "attempt to discriminate against the Plaintiff" (Complaint ¶ 22), although he does not state whether he believes it was discrimination based on race, gender, age, disability, or any other particular basis.

On November 26, 2004, Defendant filed a Motion to Dismiss or for Summary Judgment [Document # 9]. Plaintiff failed to file a Response within 30 days, and on January 13, 2005, the Clerk's Office contacted Plaintiff's counsel to request a Response. On January 21, 2005, when no Response had been received, the Clerk's Office again contacted Plaintiff's counsel requesting a Response. On January 26, 2005, a month after the Response was due, Plaintiff's counsel contacted the Clerk's Office to advise that a Response and Motion for Leave to File the Response Out of Time would be forthcoming. However, no such Response or Motion was filed. On February 15, 2005, the Clerk's Office mailed a letter to Plaintiff's counsel, informing Plaintiff that no Response had been filed and that the unopposed motion would be referred to the Court on March 2, 2005 for consideration. The case was set for trial on the April 4, 2005 trial calendar, and Defendant proceeded to file a Trial Brief and Proposed Jury Instructions. Plaintiff still did not respond. A Settlement Conference was held before Judge William Osteen on March 22, 2005, and Plaintiff's counsel attended the Settlement Conference but did not file any Response at that time. On March 28, 2005, more than three months after the Response was due, Plaintiff filed a Motion

requesting "a period of five days in order to file a response." However, Plaintiff has not yet submitted a proposed Response.

## II. MOTION FOR EXTENSION OF TIME

Local Rule 7.3(k) provides that "[t]he failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." *See also* Fed. R.Civ.P. 6(b) (providing that where a motion is made after a deadline is past, the court may allow the act to be done outside the required time period "where the failure to act was the result of excusable neglect"). Local Rule 7.3(k) further provides that "[i]f a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." In the present case, Plaintiff failed to file a timely Response and did not request an extension of time until three months after the deadline had passed. Thus, under Federal Rule of Civil Procedure 6(b) and Local Rule 7.3(k), Plaintiff waived his right to respond unless he can establish "excusable neglect."

In *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993), the Supreme Court held that the determination of excusable neglect is an equitable one, based on consideration of "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." In the present case, the length of the delay impacted these proceedings. This case was set for trial beginning April

4, 2005, but due to Plaintiff's delay, the Motion to Dismiss was not referred to the Court for decision until March 3, 2005, and the Defendant was instructed not to further prepare for trial until a decision was made on the Motion to Dismiss. Thus, Plaintiff's delay significantly impacted the Court's consideration of the Motion to Dismiss and the scheduling of trial, as well as Defendant's efforts in preparing for trial.

█ In addition, the reason provided by Plaintiff for the delay is insufficient to explain the length of the delay and the failure to respond to the notices from the Clerk's Offices. *Cf. Thompson v. E.I. Du-Pont de Nemours & Co.,* 76 F.3d 530, 534 (4th Cir.1996) (noting that "it was appropriate to hold a client accountable for the mistakes of counsel" and that "[t]he most important of the factors identified in *Pioneer* for determining whether 'neglect' is 'excusable' is the reason for the failure to file"). Here, Plaintiff contends that "Plaintiff's Counsel's failure to respond in a timely manner was due to a heavy case loan [sic] and miscommunication between the offices [of Plaintiff's attorneys] concerning this matter." (Motion for Extension of Time ¶ 5). However, not only did Plaintiff fail to meet the actual deadline, Plaintiff also failed to respond to three separate reminders from the Clerk's Office, even after being specifically warned of the consequences of failing to respond. While a heavy case load and a miscommunication between attorneys might possibly have explained the failure to meet the initial deadline, it simply does not explain the continued failure to respond for three months after receiving multiple queries from this Court. Therefore, taking into account all the relevant circumstances, the Court finds that Plaintiff has failed to show "excusable neglect" or any sufficient basis for failing to timely file a Response pursuant to Local Rule 7.3(k). The Court in its discretion will deny Plaintiff's Motion for Extension of Time to Respond [Document # 16], and Plaintiff will be deemed to have waived his right to respond as provided in Local Rule 7.3(k).

## III. MOTION TO DISMISS

As noted above, where a party fails to file a timely response, the motion will be "considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Local Rule 7.3(k). Because Plaintiff failed to file a timely response, Defendant's Motion to Dismiss could be granted as a matter of course pursuant to Local Rule 7.3(k). However, in an effort to ensure that Plaintiff is not unduly penalized for his counsel's failure, the Court will consider the merits of Plaintiff's Complaint and Defendant's Motion to Dismiss to determine if Plaintiff has stated a claim upon which relief can be granted.

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded allegations. *Randall v. United States,* 30 F.3d 518, 522 (4th Cir.1994). However, the Court is "not so bound by the plaintiff's legal conclusions, since the purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Id.* "[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed." *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989) (citation omitted) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

In the present case, the Court notes that Plaintiff has attempted to bring a claim pursuant to the FMLA. However, Plaintiff failed to file his lawsuit within the two-year period proscribed by 29 U.S.C.

§ 2617(c). Under the FMLA, Plaintiff had two years after the date of the last event constituting an alleged violation of the FMLA to file his claim. Plaintiff last alleges an FMLA violation on August 29, 2001, which is more than two years prior to the filing of his Complaint on December 12, 2003. Thus, Plaintiff's FMLA claims are barred by the statute of limitations.

■ Moreover, even if the claims were not barred, Plaintiff has simply failed to state any violation of the FMLA. It is undisputed that the Postal Service allowed Plaintiff to be absent for the period requested, and Plaintiff does not allege otherwise. Plaintiff complains simply that the Postal Service denied his request to use his sick leave, and instead required that he take leave without pay after he exhausted his 80 hours of paid Dependent Care leave. The FMLA does not entitle Plaintiff to a specific type of leave. Rather, the FMLA simply entitles Plaintiff to unpaid leave. *See* 29 U.S.C. § 2612 (providing for up to 12 weeks of unpaid leave, but allowing employers to require employees to use sick leave or personal leave, and noting that "nothing in this subchapter shall require an employer to provide paid sick leave or paid medical leave in any situation in which such employer would not normally provide any such paid leave"). Plaintiff was not entitled to paid leave under the FMLA, and Plaintiff's Complaint fails to state any violation of the FMLA. Therefore, Plaintiff's claims under the FMLA are appropriately dismissed.

Plaintiff also states that he brings his claim pursuant to "Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. Section 2601, et. seq." (Complaint ¶ 1). However, the statutory citation by Plaintiff actually refers to the FMLA, not Title VII. Plaintiff's Complaint states that the denial of paid leave "was an intentional attempt to discriminate against the Plaintiff." (Complaint ¶ 22). However, Plaintiff does not identify whether the alleged discrimination was on the basis of race, age, disability, or some other factor. Therefore, it is not clear to this Court whether Plaintiff is in fact attempting to bring any claim under Title VII. To the extent that Plaintiff is attempting to bring a Title VII claim, the Court notes first that Plaintiff's claims are untimely. Under 42 U.S.C. § 2000e–16(c), an employee may file a civil action within 90 days of receipt of notice of a final agency action. *See Steele v. Brown,* 993 F.Supp. 918, 921 (M.D.N.C.) (noting that under 42 U.S.C. § 2000e–16(c), "[a] civil action brought by a federal employee under Title VII must be filed 'within ninety days of receipt of notice of final agency action taken by a ... [federal] agency....'") (internal citations omitted), *aff'd,* 155 F.3d 561, 1998 WL 398723 (4th Cir. 1998). In the present case, the Postal Service's final EEO decision was issued on June 10, 2003 and was received by Plaintiff on June 12, 2003. Plaintiff did not file this suit until six months later on December 12, 2003. Plaintiff's suit was therefore untimely.

■ Moreover, Plaintiff has simply failed to allege any facts that would state a claim under Title VII. As noted above, Plaintiff's Complaint does not identify the basis for the alleged discrimination. A complaint in an employment discrimination lawsuit must contain a short and plain statement of the claim showing that the pleader is entitled to relief, as required by Rule 8 of the Federal Rules of Civil Procedure. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). In *Swierkiewicz,* the Supreme Court held that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination, but the complaint must give the defendant fair notice of the plaintiff's claim and the

grounds on which it rests. *See id.* For example, in *Swierkiewicz,* the Court held that the complaint was sufficient to state a claim where it alleged that the plaintiff had been terminated on account of his national origin in violation of Title VII and on account of his age in violation of the ADEA, and also detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved in his termination. *See id.* In interpreting *Swierkiewicz,* the Fourth Circuit has held that "a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, [but] a plaintiff *is* required to allege facts that support a claim for relief." *Bass v. E.I. Dupont De Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). In this case, Plaintiff has failed to state the basis of the alleged discrimination and has failed to plead any other facts regarding the circumstances and the other individuals involved that would provide any basis for a claim under Title VII. Therefore, Plaintiff has failed to state a claim under Title VII, and any purported Title VII claims will also be dismissed.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for an Extension of Time to Respond [Document # 16], which was filed more than three months after Plaintiff's Response was due, is DENIED. However, despite Plaintiff's failure to file a Response, the Court has nevertheless considered the substance of Plaintiff's Complaint, and for the reasons discussed above, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Therefore, Defendant's Motion to Dismiss [Document # 9] is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

### ORDER AND JUDGMENT

For the reasons discussed in the Memorandum Opinion filed contemporaneously herewith, Plaintiff's Motion for an Extension of Time to Respond [Document # 16], which was filed more than three months after Plaintiff's Response was due, is DENIED. However, despite Plaintiff's failure to file a Response, the Court has nevertheless considered the substance of Plaintiff's Complaint, and for the reasons discussed in the Memorandum Opinion, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Therefore, Defendant's Motion to Dismiss or for Summary Judgment [Document # 9] is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.